```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JACALYN DIESENHOUSE, on behalf of herself and as                   :
Executrix of the Estate of John Stewart, RICKY J.                  :
EARLYWINE, WILLIAM GARTNER, HYMAN L.                               :
GLUCK REVOCABLE TRUST, MOHAMMED                                    :      20-cv-07436 (LJL)
HAYAT, CAROL P. LEVAREK REVOCABLE TRUST,                           :
STEVEN LYONS, PHILIPPE MOUTOT, MARJORIE                            :         ORDER
SUDROW, ROBERT J. WARDLE and BARRY                                 :
WEINBAUM                                                           :
                                    Plaintiffs,                    :
-v-                                                                :
SOCIAL LEARNING AND PAYMENTS, INC.,                                :
SOCIAL LEARNING AND PAYMENTS LABS, LLC                             :
and EDWARD MORAN.                                                  :
                                    Defendants.                    :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2022

LEWIS J. LIMAN, United States District Judge:

In this Court's August 3, 2022 order, the Court granted Defendants' motion to dismiss the Amended Complaint. Dkt. No. 69 at 25–26. Although the Court dismissed certain of the claims with prejudice, other claims were dismissed without prejudice to the filing of a second amended complaint within 30 days of the August 3rd order. *Id.* The Court noted in the August 3rd order that "[i]f an amended complaint is not filed within that time frame, or any extended period ordered by the Court, the case will be closed." *Id.* at 26. On September 1, 2022, counsel for the Plaintiffs filed a letter with the Court notifying the Court that, due to a nonwaivable conflict and his decision to close his law firm, he would no longer act as Plaintiffs' attorney in the case. Dkt. No. 70. Accordingly, he requested that Plaintiffs be given an additional 30 days from the original deadline (*i.e.,* from September 2, 2022 to October 2, 2022) to file an amended complaint so that they could "find new counsel who can determine whether to prepare and file an amended pleading. *Id.* The Court granted the request.

On October 12, 2022, counsel for Defendant Edward Moran notified the Court that Plaintiffs have failed to file a second amended complaint by the deadline ordered by this Court. Dkt. No. 72.  In response, the Court ordered Plaintiffs to respond to Defendant Moran's letter by Monday, October 17, 2022 and to address why the case should not be closed.  Dkt. No. 73.  The Court noted that, absent a response by that date, the Court will dismiss the case.  *Id.*

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute[.]").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiffs has twice been given notice that if they did not file a second amended complaint by the

deadlines set, the case would be dismissed. This case has also been pending for more than two years, in part due to Plaintiffs' requests for extensions of time to file amended pleadings, *see, e.g.*, Dkt. Nos. 24, 26, 70, and there is still no operative pleading in this case nor any indication from Plaintiffs that one will be filed in due course. Although there is no specific evidence on the record that delay will prejudice Defendants, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the "fourth factor supports dismissal because" Plaintiffs have "been given several opportunities to pursue [their claims] against [Defendants] and [have] apparently chosen not to do so." *Yi Sun v. New York City Police Dep't*, 2021 WL 2894824, at *5 (S.D.N.Y. July 9, 2021); *see Masri v. Thorsen*, 2020 WL 4369907, at *2 (S.D.N.Y. July 30, 2020) (dismissing case for failure to file amended complaint by court-ordered deadline); *White v. Westchester Cnty.*, 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (same).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 18, 2022
   New York, New York

_____
LEWIS J. LIMAN
United States District Judge